UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDIN & BERGER, P.C., EDWARD BERGER AND DANIEL BERGER,**<br><br>Plaintiffs,<br><br>v.<br><br>**OLU OMODUNBI, LAWRENCE C. HERSH and LAW OFFICES OF LAWRENCE HERSH,**<br><br>Defendants. | CIVIL ACTION<br><br>Case No.: 2:23-cv-02232-GJP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS, LAWRENCE C. HERSH AND LAW OFFICES OF LAWRENCE HERSH'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) OR, IN THE ALTERNATIVE, TO STAY THE MATTER**

NOW COME Defendants, Lawrence C. Hersh and Law Offices of Lawrence Hersh (hereinafter referred to collectively as "the Hersh Defendants") by and through their counsel, O'Hagan Meyer, PLLC, and hereby submit the following Memorandum of Law in support of their Motion to dismiss the matter pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to stay the proceeding pending the outcome of the matter of Omodunbi v. Gordin and Berger, P.C., et al. which is currently pending in the United States District Court for the District of New Jersey (Newark) at docket number 2:17-cv-07553-JKS-JSA, stating as follows:

1

## THE NEW JERSEY ACTION

On September 27, 2017 Defendant, Lawrence Hersh, Esq. filed a Complaint on behalf of co-Defendant, Olu Omodunbi against Plaintiffs, Gordin and Berger, P.C., Daniel Berger, Esq. and Edward Berger, Esq. (hereinafter referred to as "Berger") in the United States District Court for the District of New Jersey (Newark) at docket number 2:17-cv-07553-JKS-JSA alleging that a letter that Berger sent to co-Defendant Omodunbi related to tuition and expenses owed to Rutgers University and the filing of a debt collection suit against co-Defendant Omodunbi on December 21, 2016, in New Jersey Superior Court violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as the "FDCPA"). (See the September 27, 2017 Complaint in the New Jersey action which is attached hereto and marked as Exhibit A). An Amended Complaint was filed on February 20, 2018. (See the February 20, 2018 Amended Complaint which is attached hereto and marked as Exhibit B). On January 22, 2019 the Honorable Esther Salas granted in part and denied in part Berger's Motion to Dismiss the Amended Complaint, dismissing the claims against Berger pursuant to 15 U.S.C. § 1692e(11).

On February 6, 2020, a Second Amended Complaint was filed by Hersh on behalf of co-Defendant Omodunbi against Berger. (See the February 6, 2020 Amended Complaint which is attached hereto and marked as Exhibit C). On December 3, 2021, Berger filed an Answer to the Second Amended Complaint with Counterclaims against co-Defendant Omodunbi advancing common law claims of abuse of process and fraud. (See the Berger Defendants' Answer to the second Amended Complaint with Counterclaims which is attached hereto and marked as Exhibit D). On December 13, 2021, Berger filed a Third-Party Complaint against the Hersh Defendants pursuant to Federal Rules of Civil Procedure 7(a)(5) and 14(a) advancing claims of abuse of process and fraud related to the Hersh Defendants' actions in representing co-Defendant

Omodunbi in the New Jersey action. (See the December 13, 2021 Third-Party Complaint against the Hersh Defendant which is attached hereto and marked as Exhibit E). Thereafter, on December 22, 2022, and on December 25, 2022, the parties in the New Jersey matter filed Cross Motions for Summary Judgment regarding the claims in the Second Amended Complaint and the Third-Party Complaint. (See the Cross-Motions for Summary Judgment filed on December 22, 2022, and December 25, 2022, which are attached hereto and marked as Exhibits F and G, respectively).

On September 18, 2023, Berger filed a Motion for Summary Judgment or, alternatively, to Reopen Discovery. (See the September 18, 2023 Motion for Summary Judgment and to Reopen Discovery which is attached hereto and marked as Exhibit H). On September 19, 2023, Co-Defendant Omodunbi filed a Notice of Motion for Summary Judgment regarding the claims in the Second Amended Complaint. (See the September 19, 2023 Motion for Summary Judgment which is attached hereto as Exhibit I). On December 29, 2023 the matter was reassigned from Judge Salas to the Honorable Jamel K. Semper. The parties are awaiting decisions on the Motions for Summary Judgment pertaining to the Berger Defendants' allegations of abuse of process and fraud pertaining to the Hersh Defendants filing of the New Jersey action.

## THE PENNSYLVANIA ACTION

On June 9, 2023, Berger filed a 548-paragraph Complaint against the Hersh Defendants and Omodunbi in the current matter mirroring the claims of fraud and abuse of process in the New Jersey action and advancing claims against Defendants for alleged violations of 18 U.S.C § 1691, *et seq.*, more commonly referred to as the Racketeer Influenced and Corrupt Organizations Act (referred to herein as "RICO"). (See the June 9, 2023 Complaint in the Pennsylvania action which is attached hereto as Exhibit J). It is now the position of the Hersh Defendants that the Pennsylvania action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, the Defendants

herein move this Honorable Court to stay the present action pending the outcome of the New Jersey case as the outcome of the New Jersey action will affect any and all potential decisions regarding the Pennsylvania action and the filing of the Pennsylvania constitutes parallel litigation which may lead to inconsistent decisions by two Courts within the Third Circuit presiding over the same or substantially related legal matters.

## STANDARDS OF REVIEW

**I.  MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

Courts have broad discretion to manage cases to avoid wasteful and duplicative litigation. See Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) (recognizing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself"). One tool courts use to avoid wasteful and duplicative litigation is the "first-filed" rule which empowers courts with the discretion to stay a later-filed action based on principles of comity that "when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." Chavez v. Dole Food Co., Inc., 836 F.3d 205, 220 (3d Cir. 2016). The rule applies to earlier-filed proceedings involving both the same issues and the same parties. See EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971, 977 (3d Cir. 1988), aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990).

Federal district courts may abstain from hearing cases and controversies only under "exceptional circumstances." See IFC Interconsult, AG v. Safeguard Intern. Partners, LLC, 438 F.3d 298, 305 (3d Cir. 2006). "The exceptional circumstances that would support such a surrender must, of course, raise considerations which are not generally present as a result of parallel

4

litigation, otherwise the routine would be considered exceptional, and a district court's unflagging obligation to exercise its jurisdiction would become merely a polite request." Royal and Sun Alliance Ins. Co. of Canada v. Century International Arms, Inc., 466 F.3d 88, 93 (2d Cir. 2006). For purposes of international comity, an action is considered parallel to another when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Paraschos v. YBM Magnex Int'l, Inc., 2000 U.S. Dist. LEXIS 3829, 2000 WL 325945, at *5 (E.D. Pa. Mar. 29, 2000). There must be a "substantial likelihood that the pending litigation will dispose of all claims presented in the current federal case." Id.

## II.     MOTION TO STAY

Courts have broad discretion in managing their dockets, which include decisions regarding issuing stays for all or part of proceedings. See SWEPI, LP v. Mora County, 2014 U.S. Dist. LEXIS 179295 * 41 (D.N.M. Dec. 19, 2014) citing Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

The power to stay proceedings is incidental to the power inherent in every Court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants and the Supreme Court of the United States has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." Id. at *41 citing Landis, 299 U.S. at 255.

In deciding whether to grant a stay Courts should consider, *inter alia*, the possibility of inconsistent results between reexamination of litigation, the redundancy of effort without a stay and any undue prejudice to the non-movant caused by the stay. See GPAC Inc. v. D.W.W. Enters, Inc., 23 U.S.P.Q2d 1129 (D.N.J. 1993); ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378 (N.D. Cal. 1994); Vitronics Corp. v. Conceptronic Inc., 36 F. Supp.2d 440 (D.N.H. 1997).

### III.   PARALLEL LITIGATION

Federal district courts may abstain from hearing cases and controversies only under "exceptional circumstances." See IFC Interconsult, AG v. Safeguard Intern. Partners, LLC, 438 F.3d 298, 305 (3d Cir. 2006). "The exceptional circumstances that would support such a surrender must, of course, raise considerations which are not generally present as a result of parallel litigation, otherwise the routine would be considered exceptional, and a district court's unflagging obligation to exercise its jurisdiction would become merely a polite request." Royal and Sun Alliance Ins. Co. of Canada v. Century International Arms, Inc., 466 F.3d 88, 93 (2d Cir. 2006). For purposes of international comity, an action is considered parallel to another when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Paraschos v. YBM Magnex Int'l, Inc., 2000 U.S. Dist. LEXIS 3829, 2000 WL 325945, at *5 (E.D. Pa. Mar. 29, 2000). There must be a "substantial likelihood that the pending litigation will dispose of all claims presented in the current federal case." Id.

**LEGAL ARGUMENT**

I. **THE PENNSYLVANIA MATTER SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) OR STAYED**

On December 7, 2022 the Honorable Esther Salas issued an Order denying the Berger Defendants' request to strike certain portions of co-Defendant's Motion for Summary Judgment in the New Jersey action. On December 23, 2021, the Honorable Jessica Allen struck the Berger Defendants' Answer to the Second Amended Complaint with counterclaims and the third-party complaint.

On April 14, 2022, the Court again denied requests to bring the counterclaims advanced by the Berger Defendants. The same Defendants in the New Jersey case who are the Plaintiffs in the case *sub judice* are now attempting to bring nearly identical claims that were first filed in the New Jersey matter. This is obvious forum shopping following the denial of the claims in the New Jersey matter. Plaintiffs herein continue their quests to sue their opposing counsel after attempting and being denied the opportunity by the District Court in New Jersey. In fact, the Complaint in the present Pennsylvania action makes 159 references to the same FDCPA claims at issue in the New Jersey action. The Complaint herein references the New Jersey action 27 times. Such reliance on the action pending in the District of New Jersey involving the same litigants makes it obvious that the matters stem from the same set of facts. (See Exhibit J).

Currently there are cross motions for Summary Judgment pending in the New Jersey action related to the same claims in the Pennsylvania action. (See Exhibits F and G). The outcome of the Cross Motions for Summary Judgment in the New Jersey action will impact the present action, which is parallel litigation involving the same facts and circumstances surrounding Berger's efforts to recover amounts purportedly owed by co-Defendant, Omodunbi to Rutgers University.

The New Jersey matter was filed about six years before the current case was filed. If sent into discovery, the present matter likely would lead to duplicative discovery and motion practice, including dispositive motions. In the New Jersey action, Cross Motions for Summary Judgment on the same set of core legal issues present in this action are currently pending before Judge Semper.

For these reasons, the present action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, staying the Pennsylvania matter pending the outcome of the New Jersey will not have a prejudicial impact on Berger as the decision on the cross Motions for Summary Judgment in the New Jersey action likely will provide finality regarding the duplicative allegations of fraud and abuse of process, which likely will affect the outcome of Berger's RICO claim.

II. **PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, Fed. R. Civ. P. 8(d)(1) requires that allegations in pleadings be "simple, concise, and direct." Rule 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Quaziz v. City of Jersey City, 2023 U.S. App. LEXIS 28181, *7 (3d Cir. Oct. 24, 2023) (*quoting*, In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996)). Further, a complaint must be sufficiently clear "'to avoid requiring a district court or opposing party to forever sift through its

pages in search' of the nature of the plaintiff's claim." Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (*quoting*, Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). "[A] district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleadings." Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).

Because Plaintiffs' Complaint consists of 548 paragraphs over 128 pages, it violates the letter and spirit of Rule 8. *See ECF No. 1*. Accordingly, Plaintiffs' Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants, Lawrence C. Hersh and Law Offices of Lawrence Hersh, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the Alternative, to Stay the Matter pending the outcome of Omodunbi v. Gordin and Berger, P.C., *et al.* which is currently pending in the United States District Court for the District of New Jersey (Newark) at docket number 2:17-cv-07553-JKS-JSA.

                                  **O'HAGAN MEYER, PLLC**

By:    */s/ Ronald M. Metcho*
        RONALD M. METCHO, ESQ.
        1717 Arch Street, Suite 3910
        Philadelphia, PA 19103
        (215) 461-3343 / (215) 461-3311 (f)
        rmetcho@ohaganmeyer.com
        Attorneys for Defendants
        Lawrence C. Hersh and
        Law Offices of Lawrence Hersh

Dated: January 8, 2024