**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA**

| | |
|---|---|
| GORDIN & BERGER, P.C., EDWARD BERGER AND DANIEL BERGER,<br>Plaintiffs,<br><br>v.<br><br>OLU OMODUNBI, LAWRENCE C. HERSH AND LAW OFFICES OF LAWRENCE HERSH,<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No.: 2:23-cv-02232-GJP**<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

AND NOW this _____ day of _____, 2024, upon consideration of the Plaintiffs' Motion for Reconsideration of the Court's February 22, 2024 Order Granting the Joinder Motions of Defendant, Olu Omodunbi, it is hereby ORDERED  that Plaintiffs' Motion for Reconsideration is GRANTED;

It is FUTHER ORDERED that the Motions for Joinder [ECF Nos. 18 & 19] are DENIED;

It is FURTHER ORDERED that Defendant Olu Omodunbi, shall file an individual response to the Complaint within fourteen (14) days from the date of this Order;

It is FURTHER ORDERED that Defendant Olu Omodunbi may not rely on any arguments that were advanced by Co-Defendants or include any argument that in any way contradicts his recent filings in the NJ District Action wherein Olu Omodunbi represented his intent to proceed in this Court with the defense and litigation of the Plaintiffs' claims;

It is FURTHER ORDERED that Defendant Olu Omodunbi shall further state, without equivocation, whether he intends to invoke any such reliance on the advice of counsel as a

defense to any of the claims set out in the Plaintiffs' Complaint, and shall further specify what claims this defense is raised or same shall be construed as having been raised as a defense to all claims.

BY THE COURT:

_____
HONORABLE GERALD J. PAPPERT
*United States District Court Judge*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                 :

GORDIN & BERGER, P.C., EDWARD   :
BERGER and DANIEL BERGER,     :
           Plaintiff,           :
                                 :
                                 :
          v.               :     Civil No. 2:23-cv-02232-GJP
                                 :
OLU OMODUNBI, LAWRENCE C.    :
HERSH and LAW OFFICES OF     :
LAWRENCE HERSH          :     **ORAL ARGUMENT REQUESTED**
                                 :
           Defendant       :
_____ :

### PLAINTIFFS GORDIN & BERGER, P.C., EDWARD BERGER AND DANIEL BERGER'S NOTICE OF MOTION FOR RECONSIDERATION

Plaintiffs Gordin & Berger, P.C., Edward Berger and Daniel Berger (hereinafter "Plaintiffs"), by and through their undersigned attorneys, hereby move this Honorable Court for an Order granting reconsideration and denying Defendant Olu Omodunbi's joinder motions [ECF Doc Nos. 18 and 19] as follows:

1.      Defendant Olu Omodunbi (hereinafter "Omodunbi") is estopped from joining in Co-Defendants' motion [ECF Doc No. 17] which seeks to dismiss or stay this action on the grounds that there are motions pending in a parallel action in the United States District Court for the District of New Jersey, styled <u>Olu Omodunbi v. Gordin & Berger, P.C. et al</u>, at Docket No. 2:17-cv-07553-ES-JAD (hereinafter the "NJ District Action"), which if granted, would permit the adjudication of certain claims in the NJ District Action that Plaintiffs herein have brought with the filing of a complaint in this action.

2.      Although Co-Defendants may be genuine in their requests which seek to avoid wasteful and duplicative litigation and to have a single determination of their controversy, where

Omodunbi, through his February 26, 2024 filing in the NJ District Action at ECF Doc No. 214, specifically represented to the NJ District Court that it needn't rule on those pending motions because Omodunbi is already seeking a ruling on a dispositive motion that is currently pending in this action that seeks an adjudication of essentially the same claims, justice requires that this Court preclude and prevent Omodunbi from seeking to interfere with the proper administration of justice by attempting to mislead not one, but two separate tribunals, into believing that neither court should act on matters pending therein because the other one is already poised to act on the same subject matter.

3.     Omodunbi's Motions to join in the motion of Co-Defendants [ECF. Doc. No. 17] must therefore be reconsidered in light of this new evidence, namely, his filing in the parallel action that no doubt was submitted only after he believed he was safe from having the Court revisit these issues, and, in order to prevent manifest injustice, must be denied.

4.     Consequently, Omodunbi must file his own response to the Plaintiffs' Complaint that addresses the substance and/or merits of the Plaintiffs' claims, whether by motion or with a responsive pleading, and Omodunbi is expressly prohibited from asserting that the Court should refrain from exercising jurisdiction over this subject matter for any reason relating to anything that is or may be pending in the NJ District Action.

5.     Finally, to the extent that the numerous allegations of the Plaintiffs' Complaint necessarily would invite or make it substantially likely that Omodunbi may eventually raise, as a defense, reliance on the advice of counsel, which would have a significant impact on the scope of discovery and the availability of Omodunbi being able to assert the attorney-client privilege, any response shall unequivocally state whether Omodunbi intends to assert reliance on the advice of counsel as a defense.

Respectfully Submitted,

*Gordin & Berger, P.C.*

By:          /s/ Daniel A. Berger
            DANIEL A. BERGER, ESQUIRE
            Attorney ID Number 319631
            GORDIN & BERGER, P.C.
            1760 Market Street, Suite 608
            Philadelphia, PA 19103
            Telephone: (215) 564-2031
            Facsimile: (215) 972-5390
            dab@gordinandberger.com
            Attorneys for Plaintiffs

Dated: March 4, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA**

| | |
|---|---|
| GORDIN & BERGER, P.C., EDWARD BERGER AND DANIEL BERGER, <br> Plaintiffs, <br><br> v. <br><br> OLU OMODUNBI, LAWRENCE C. HERSH AND LAW OFFICES OF LAWRENCE HERSH, <br><br> Defendants. | **CIVIL ACTION** <br><br> **Case No.: 2:23-cv-02232-GJP** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR
<u>RECONSIDERATION</u>**

**PRELIMINARY STATEMENT**

Plaintiffs, Gordin & Berger, P.C., Edward Berger, and Daniel Berger ("Gordin & Berger") seek reconsideration of this Honorable Court's February 22, 2024 ruling on the motions of Defendant Olu Omodunbi (hereinafter "Omodunbi") to join in the motion that was filed by Co-Defendants Lawrence C. Hersh and Law Offices of Lawrence Hersh (hereinafter collectively "Hersh") to Dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to stay the proceedings pending the outcome of the case that is pending in the United States District Court for the District of New Jersey. (Doc. No. 28, attached as **Exhibit 1**). Specifically, Plaintiffs seek reconsideration of the motion that was granted based on Omodunbi's two sentence argument stating that "[t]he same arguments applicable to my co-defendant are also applicable to me. Therefore, I seek the same relief that they are seeking" in light of the new evidence that was previously unavailable that completely destroys any credibility that was given to those statements that Omodunbi was, in fact, seeking the same relief as his co-defendants for

the same reasons. Just the opposite, as evidenced by the recent filing of Omodunbi in the parallel action, his intent is to seek an adjudication of the Plaintiffs' claims **in this action**, and has specifically asked that Judge Semper not address the counterclaims and third-party claims as they are already "pending in the Eastern District of Pennsylvania." (February 26, 2024 filing of Omodunbi at ECF Doc No. 214 in the New Jersey District Action attached as **Exhibit 2**).

Reconsideration of Omodunbi's joinder motions, in light of this new evidence, is of extreme importance, as same would be necessary to prevent manifest injustice. Simply put, Omodunbi cannot argue in two different forums that neither court should take any action or permit proceedings to continue on a particular subject matter, specifically on the basis that the other forum is already poised to act on the same subject matter, for that is fraud upon the Court. "Fraud upon the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier **_or unfairly hampering the presentation of the opposing party's claim_** or defense." Aoude v. Mobil Oil Corporation, 892 F.2d 1115, 1118 (1st Cir. 1989)(emphasis added).

In the present case, that is exactly what Omodunbi has set out to do, unfairly hamper the presentation of the Plaintiffs' claims by arguing in the Eastern District of Pennsylvania that it shouldn't permit the Plaintiffs to present those claims because they are pending in the NJ District and thereafter turning right around and arguing in the NJ District that it also shouldn't permit the presentation of those same claims because they are already pending in the Eastern District of Pennsylvania. Accordingly, Plaintiffs respectfully submit that reconsideration of this Court's order permitting Omodunbi to join co-Defendants' motion is warranted in light of this new

evidence that was not previously available and in order to prevent manifest injustice and a fraud upon the court.

## PROCEDURAL HISTORY

Plaintiffs incorporate by reference its recitation of the relevant procedural history contained in their Memorandum of Law in Opposition to the Hersh Defendants' Motion to Dismiss [ECF Doc No. 26] that was filed in this matter on February 20, 2024. Additionally, subsequent to that filing, on Thursday February 22, 2024, there was a conference call with all counsel and parties present that was on the record [ECF No. 27].

During this call the instant joinder motions of Omodunbi [ECF Doc Nos. 18 & 19] were briefly discussed and Plaintiffs' Counsel, in reliance on the representations contained in Omodunbi's Joinder motion and those asserted in the Hersh Defendants' motion, did not contest Omodunbi's request to join in the Hersh Defendants' motion, believing that Omodunbi also desired to avoid wasteful and duplicative litigation and to have a single determination of the instant controversy, and also believing that Omodunbi desired to have the NJ District Court rule on the subject matter that was also raised by the Plaintiffs' claims.

Thereafter, Mr. Hersh, on behalf of all Defendants in this action, recited the procedural history and the Court considered the issues raised by the Hersh Defendants' motion and the joinder motions of Omodunbi, and specifically recited, on the record, and for all parties to hear, that the Court intended to grant the Joinder motions.

Thereafter the Court further declared that it was not inclined to rule on the Hersh Defendants' motion, which Omodunbi was being permitted to join, and instead intended to wait for a ruling by the NJ District Court, specifically as it related to the Plaintiffs' claims which have been proposed in the NJ District Court as counterclaims and third-party claims.

That same day, after this conference call, the Court issued the instant order that the Plaintiffs now seek reconsideration of, granting Omodunbi's joinder motions [ECF Doc No. 28].

Finally, four days after that favorable order, Omodunbi (through his counsel) filed a letter request in the NJ District Court which specifically stated in relevant part:

> "I write to oppose [Gordin & Berger's] January 24, 2024 request… asking the Court to expedite their request to allow reinstatement of [Gordin & Berger's] dismissed counterclaims and third-party complaint against [Hersh]. Since a dispositive Motion is currently pending before Judge Papper in the Eastern District of Pennsylvania on essentially these same claims filed by [Gordin & Berger] in <u>Gordin & Berger, P.C. v. Omodunbi</u>, 23-02232 that they are now seeking to reinstate there is no need for this Court to address [Gordin & Berger's] request on an expedited basis or otherwise…
>
> [D]espite the fact that these claims have been disallowed by the Court… [Gordin & Berger has] repeatedly asked that the claims be reinstated in this lawsuit. Currently, discovery has ended in this case, and cross-motions for summary judgment are pending before the Court…
>
> As [Gordin & Berger's] counterclaims and third-party claims are currently pending in the Eastern District of Pennsylvania, it is unnecessary for the Court to address [Gordin & Berger's] request to consider reinstatement of those claims in this action on an expedited basis at this time, or at all, for that matter. [Gordin & Berger] ha[s] decided to file the repackaged claims in Pennsylvania and litigate the claims in that forum, there is no need for this Court to address those claims. As such, a telephone conference to address these issues is unnecessary."

See true and correct copy of this letter submission filed by Omodunbi on February 26, 2024 in the NJ District Action at ECF Doc. No. 214 attached hereto as **Exhibit 2**.

## STATEMENT OF FACTS

The Plaintiffs specifically incorporate by reference the facts set forth in the Complaint and those referenced in the relevant section contained in their Memorandum of Law in

Opposition to the Hersh Defendants' Motion to Dismiss [ECF Doc No. 26] as well as any facts

that were recited on the record during the February 22, 2024 conference call [ECF No. 27].

### STANDARD OF REVIEW

A motion for reconsideration may be granted only under certain circumstances.

Specifically, "[t]he purpose of a motion for reconsideration… is to correct manifest errors of law

or fact or to present newly discovered evidence" and thus reconsideration should only be granted

where a party "shows at least one of the following grounds: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court

granted the motion…; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999). Additionally, pursuant to L. Civ. R. 7.1(g) motions for reconsideration shall be filed and

served within fourteen (14) days after the entry of the order concerned.

### LEGAL ARGUMENT

In the present case, the present motion for reconsideration is timely as the order granting

the instant joinder motions was entered on February 22, 2024. Moreover, reconsideration is

warranted based on the presence of both, newly discovered evidence that was not previously

available at the time that Omodunbi's joinder motion was granted, and in order to prevent

manifest injustice and a fraud on the court.

**I.      Plaintiffs' Motion for Reconsideration is Timely Pursuant to L. Civ. R. 7.1(g)**

In the present case, the Plaintiffs' Motion for Reconsideration is timely pursuant to L.

Civ. R. 7.1(g). Specifically, the instant order granting Omodunbi's Joinder Motions [ECF Doc

Nos. 18 & 19] was entered on February 22, 2024. See, ECF Doc. No. 28. By rule, the Plaintiffs

would have fourteen (14) days from the date of entry of order concerned to serve and file a

motion for reconsideration. The last day, therefore, that the Plaintiffs may timely file such

motion would be March 7, 2024. Accordingly, the instant motion for reconsideration is timely.

**II.    Newly Discovered Evidence That Was Not Previously Available When the Court
Granted Omodunbi's Joinder Motions Warrants Reconsideration.**

Although it is well settled that "a motion for reconsideration addresses only factual and

legal matters that the Court may have overlooked" or were not considered at the time, the present

case involving newly discovered evidence specifically bears upon certain factual matters that

were not able to be considered at the time the motion was granted and reconsideration, therefore,

is warranted. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp 1109, 1122 (E.D. Pa.

1993).

**A.   In Pennsylvania, a Statement of Present Intention which is False When Uttered
May Constitute a Fraudulent Misrepresentation of Fact.**

In the present case, the entire justification for Omodunbi's Joinder Motion was curtly

stated in two sentences where Omodunbi represented that "[t]he same arguments applicable to

[Hersh] are also applicable to me. Therefore, I seek the same relief that they are seeking."

Specifically, the arguments that were advanced by Hersh, that Omodunbi asserts were also

applicable to him, were that the instant claims contained in the Complaint, were "essentially the

same" as those claims that the Plaintiffs' sought to bring in the NJ District Court and therefore,

to the extent that the parties are entitled to avoid wasteful and duplicative litigation and to have a

single determination of their controversy, Omodunbi is entitled to the same relief sought by

Hersh that the Court dismiss or stay this proceeding while the NJ District Court considers the

counterclaims and third-party claims raised by the motions to reinstate that are pending in that

action.

Put simply, Omodunbi, in support of his joinder motions, specifically submits a statement as it relates to the claims that are "essentially the same" and are pending in both the Eastern District of Pennsylvania and in the NJ District, whereby Omodunbi represents that he has a present intention to seek an adjudication of those claims in the NJ District in lieu of the proceedings in Eastern District of Pennsylvania.

Four days later, however, Omodunbi specifically asks the NJ District Court to do the same thing, arguing that the "there is no need for the [NJ District Court] to address" Gordin & Berger's counterclaims and third-party claims since Gordin & Berger has already "decided to file the repackaged claims in Pennsylvania and litigate [those] claims in that forum." The fact that Omodunbi is asking for the same thing, but now in the NJ District Court, necessarily means that Omodunbi instead, intends to seek an adjudication of those claims in the Eastern District of Pennsylvania in lieu of the proceedings in the NJ District.

Although, a promise to do something in the future that is not kept is not ordinarily considered fraud, it is well settled that "a statement of present intention which is false when uttered may constitute a fraudulent misrepresentation of fact" provided that such statements are of present intention. Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1410 (3d Cir. 1991)(citing Brentwater Homes, inc. v. Weibley, 369 A.2d 1172, 1175 (Pa 1977). Indeed, "[t]he state of a man's mind is as much a fact as the state of his digestion." Mellon Bank Corp. v. First Union Real Estate, 951 F.2d 1399, 1410 (3d Cir. 1991)(internal citations omitted). Thus, in the present case, the extraordinarily close temporal proximity of the initial representation about Omodunbi's intent, and the subsequent reversal, would be strong evidence to support the inference that his initial statement of intent was false when uttered.

**B.  Even In the Absence of Fraud, Where the State of a Man's Mind is as Much a Fact as the State of his Digestion, Omodunbi's Change of Mind, and Newly**

**Formed Intent to Defend Against and Litigate the Plaintiffs' Claims in this Forum Consists of New Facts that Warrant Reconsideration**

Furthermore, even in the absence of fraud, were this Court to consider Omodunbi's previous representations about his intentions to seek an adjudication of the claims in the NJ District as honest when made, Omodunbi's change of mind and newly formed intentions to seek an adjudication of the claims in this forum, amounts to new facts, that warrant reconsideration.

As noted above, a motion for reconsideration is only appropriate when considering "factual and legal matters" that were not previously addressed or considered when the motion was initially granted. By the same token, Omodunbi's state of mind, and his intent to seek an adjudication of the instant claims in the NJ District was a factual matter that was ultimately dispositive to his joinder motions. Specifically, the Plaintiffs did not contest Omodunbi's joinder motion precisely because they relied on the fact that Omodunbi's intent was to seek and pursue an adjudication of the instant counterclaims and third-party claims by defending against them and seeking their dismissal or other adjudication on the merits, in the NJ District.

Four days later, however, new evidence demonstrates that, as a matter of fact, Omodunbi's intent has changed, as he states, through his attorney, in the NJ District Action:

> "As [Gordin & Berger's] counterclaims and third-party claims are currently pending in the Eastern District of Pennsylvania, it is unnecessary for the Court to address [Gordin & Berger's] request to consider reinstatement of those claims in this action… at all[.] [Gordin & Berger] ha[s] decided to file the repackaged claims in Pennsylvania and litigate the claims in that forum, there is no need for this Court to address those claims."

See true and correct copy of this letter submission filed by Omodunbi on February 26, 2024 in the NJ District Action at ECF Doc. No. 214 attached hereto as **Exhibit 2**.

Consequently, it can no longer be said that "[t]he same arguments applicable to [Hersh] are also applicable to [Omodunbi]." Just the opposite, based on the new evidence, although it

may be true that Hersh seeks to dismiss or stay this action so that the counterclaims and third-party claims will be considered and adjudicated in the NJ District Action, Omodunbi seeks to have the NJ District Court refrain from addressing the counterclaims and third-party claims as they are pending in the Eastern District of Pennsylvania and to have "the repackaged claims" litigated in that forum – the Eastern District of Pennsylvania.

Similarly, it can also no longer be said that Omodunbi is seeking the same relief that Hersh is seeking because Hersh, on the one hand, is seeking to have the Eastern District of Pennsylvania "abstain" from considering the instant claims, arguing that they are pending in the NJ District Court, and on the other hand, Omodunbi is seeking to have the NJ District Court refrain from considering the "repackaged" claims that are being litigated in the Eastern District of Pennsylvania and seeks to have this Court issue a ruling on a "dispositive" motion.

Accordingly, where consideration of factual matters that were not considered initially is squarely within the permissible purposes of granting a motion for reconsideration, and where, in light of this new evidence, it is clear that Omodunbi cannot rely on the same arguments that are advanced by Hersh, the motion should be granted and Omodunbi should be estopped from joining in the Hersh motion and compelled to file his own response to the Complaint.

### C.  This New Evidence of Omodunbi's Change of Mind Necessarily was Not Available When the Joinder Motions Were Initially Granted

In the present case, the order granting Omodunbi's Joinder motions was issued on February 22, 2024, and as recently as that morning, at around 11 AM during the conference call that transpired on the record with all attorneys and parties present, Omodunbi was still maintaining that it was his intent to join in the Hersh Defendants' motion on the basis that he shared their intent to proceed with litigating and otherwise having the instant counterclaims and third-party claims disposed of on their merits in the NJ District Action.

Four days after the instant joinder motion was granted, Omodunbi submitted the instant filing in the NJ District Court, which only then, and for the first time, evidenced his change of mind that, instead, it was his intent to have the Eastern District of Pennsylvania rule on a dispositive motion and to seek an adjudication of the instant claims in this forum, and not the NJ District. Accordingly, where it is clear that this evidence did not even come into existence until after the instant joinder motions were granted, there is good cause to reconsider Omodunbi's joinder motions this time with the benefit of the newly available evidence concerning Omodunbi's intent to proceed on the merits and defend against the "repackaged" counterclaims in this forum, and not in the NJ District.

### III.    Reconsideration is Also Appropriate in Order to Prevent Manifest Injustice and to Remedy any Attempted Fraud Upon the Court

In the present case, there is also good cause to reconsider the joinder motions and deny Omodunbi's request to join the Hersh Defendants' motion to dismiss or stay the case pending the NJ District action, in order to prevent manifest injustice and to remedy any attempted fraud upon the Court.

Although it has been said that there is a "dearth of case law within the Third Circuit" defining the term, many courts have accepted the dictionary definition of the phrase "manifest injustice" which, according to Merriam Webster's Dictionary of law, is defined as "an outcome in a case that is plainly and obviously unjust." Black Bear Energy Servs. v. Youngstown Pipe & Steel, LLC, Civil Action No. 15-50, *10 (W.D. Pa. Jul. 13, 2017). In the present case, it would be "plainly and obviously unjust" to deny the Plaintiffs any forum at all to present their colorable claims for relief. And yet, that is exactly what Omodunbi purports to do.

As noted in Omodunbi's filing in the NJ District Court, "discovery has ended… and cross-motions for summary judgment are pending before" the NJ District Court and where the

"repackaged claims" are also pending and ripe for litigation in the Eastern District of Pennsylvania, the NJ District Court should not even consider the Plaintiffs' motion to reinstate their counterclaims and third-party claims specifically on the asserted basis that they already have a forum that is available for them to litigate those claims.

Despite the obvious duplicity, while advocating that the NJ District Court should close its doors to the Plaintiffs because the doors of the Eastern District of Pennsylvania are open to them, Omodunbi also sought to simultaneously join in the Hersh motion that argues that the court for the Eastern District of Pennsylvania should close its doors to the Plaintiffs because the doors of the NJ District are open to them. The plain and obvious outcome of permitting the advancement of both of these arguments, however, would be to close all of the courthouse doors to the Plaintiffs, a result that would be plainly and obviously unjust. Accordingly, granting Omodunbi's joinder motions must be reconsidered and denied, and he should be estopped from submitting any argument that would contradict his unequivocal statement of intent that was transmitted to the NJ District Court that Omodunbi seeks to defend and defeat the Plaintiffs' claims on the merits **in this forum**.

Similarly, granting the motion for reconsideration is also necessary to remedy any attempted fraud upon the court. Specifically, "[f]raud upon the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier ***or unfairly hampering the presentation of the opposing party's claim*** or defense." <u>Aoude v. Mobil Oil Corporation</u>, 892 F.2d 1115, 1118 (1st Cir. 1989)(emphasis added). There can be no serious contest that simultaneously arguing in separate forums, in the hopes that neither tribunal is made aware of what was

represented in the other one, that each forum should prohibit the Plaintiffs from presenting their claims because those claims may be presented in the other forum, is an unconscionable scheme that was calculated to interfere with the judicial system's ability to impartially adjudicate a matter by unfairly hampering the Plaintiffs' presentation of their claims.

With respect to discovery, Omodunbi argues that discovery has already closed in the NJ District case, and simultaneously joins in the Hersh Defendants' argument that discovery in this case may not proceed because of the pending motion to dismiss or stay on the basis of the NJ District case proceedings. This kind of scheme to unfairly hamper the Plaintiffs' ability to present their claims by ensuring that no forum is available for the Plaintiffs to conduct the sort of discovery that is traditionally required by the essential fact-finding process that is part of the proper administration of justice cannot be tolerated. And yet, there exists a very simple remedy, which is to grant this motion for reconsideration, deny Omodunbi's joinder motions, and compel him to follow through with his representations that were made to the NJ District Court by filing a response in this forum that properly advances the adjudicative process.

It has long been held that federal courts have the inherent power to prevent and deter fraud upon the court, as our Supreme Court explained in Chambers v. Nasco, Inc., "[t]his historic power of equity to set aside fraudulently begotten judgments… is necessary to the integrity of the courts, for tampering with the administration of justice in [this] manner . . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." Chambers v. Nasco, Inc., 501 U.S. 32, 44 (1991)(internal quotations and citations omitted). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion" and a "primary of aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. at 44-45.

Accordingly, in the present case, disallowing Omodunbi's request to join in the Hersh motion, and simply compelling Omodunbi to act in accordance with his representations that were made to the NJ District Court, in other words, compelling Omodunbi to act in a manner that prevents him from committing a fraud upon the court, would certainly be the sort of "less sever sanction" that "is undoubtedly within a court's inherent power." <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 45 (1991)(internal quotations omitted).

Finally, where the most consequential and prejudicial effect on the Plaintiffs' ability to present their claims that Omodunbi has sought to cause, is directly tied to Omodunbi and Hersh's current ability to hide behind the attorney-client privilege by allowing Omodunbi to continue to delay invoking the inevitable reliance on the advice counsel defense to the underlying allegations of fraud and abuse of process, and where Omodunbi has had more than two years to consider the allegations,[1] and where the obvious purpose of Omodunbi's fraudulent joinder in the Hersh motion was to continue to delay having to invoke this defense and shield co-Defendants' communications relating to the allegations of fraud and abuse of process from discovery, Omodunbi should be compelled to expressly invoke this defense in his response.

CONCLUSION

Accordingly, for all of the reasons set forth above, Plaintiffs respectfully submit that reconsideration is warranted and, that upon reconsideration, the Joinder Motions of Omodunbi should be denied, Omodunbi should be compelled to submit his own response to the Plaintiffs' Complaint, in this response, Omodunbi should be estopped from advancing any argument that

---

[1] As can be seen in the Plaintiffs' original counterclaims which were filed on December 3, 2021, in the NJ District Action, at Docket Entry No. 109, over two years ago, at paragraph 15, Plaintiffs, specifically stated that "the within counterclaims against Omodunbi assumes that Hersh was, at all relevant times, acting as an agent for Omodunbi pursuant to Omodunbi's instructions and directives. Moreover, the within Counterclaims further assumes that Omodunbi has not claimed, and does not intend to so claim, any reliance on advice of counsel as a defense to the same, and accordingly, G&B demands that any such claim of reliance be expressly invoked and set forth in Omodunbi's first responsive pleading to these Counterclaims."

mirrors those set out in the Hersh motion or that otherwise contradicts or undermines

Omodunbi's representations to the NJ District Court that he is seeking an adjudication of the

counterclaims against him in this action, and finally, Omodunbi should be further compelled to

expressly invoke any reliance on the advice of counsel as a defense to Plaintiffs' claims of fraud

and abuse of process.


Dated: March 4, 2024                                   Respectfully submitted,


                                                       */s/ Daniel A. Berger, Esquire*_____
                                                       DANIEL A. BERGER, ESQUIRE
                                                       GORDIN & BERGER, P.C.
                                                       1760 Market Street, Suite 608
                                                       Philadelphia, PA 19103
                                                       Telephone: (215) 564-2031
                                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Daniel A. Berger, Esquire, hereby certify that on the date shown below a true and correct copy of the foregoing motion for reconsideration, together with all supporting documents, was served via Notice of Electronic Filing, as follows:

Ronald M. Metcho, II, Esquire
O'HAGAN MEYER, P.L.L.C
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
rmethco@ohaganmeyer.com
*Attorney for Defendant Lawrence*
*C. Hersh and Law Offices of*
*Lawrence Hersh*

Dean F. Falavolito, Esquire
O'HAGAN MEYER, P.L.L.C
102 Broadway Street, Suite 200
Carnegie, PA 15106
dfalavolito@ohaganmeye.com
*Attorney for Defendant Lawrence*
*C. Hersh and Law Offices of*
*Lawrence Hersh*

Olu Omodunbi
P.O. Box 27093
Pittsburgh, PA 15235
Olu.omodunbi@gmail.com
*Pro Se, Defendant, Olu*
*Omodunbi*

GORDIN & BERGER, P.C.

BY:   */s/ Daniel A. Berger, Esquire_____*
        DANIEL A. BERGER, ESQUIRE
        1760 Market Street, Suite 608
        Philadelphia, PA 19103
        Telephone:  (215) 564-2031
Date:  March 4, 2024          *Attorneys for Plaintiffs*

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GORDIN & BERGER, P.C., et al, | |
| *Plaintiffs,* | CIVIL ACTION |
| | NO. 23-2232 |
| v. | |
| OLU OMODUNBI, et al., | |
| *Defendants.* | |

## <u>ORDER</u>

**AND NOW**, this 22nd day of February 2024, for the reasons discussed on today's conference call with all counsel (ECF No. 27), the Motions for Joinder (ECF Nos. 18 & 19) are **GRANTED**.

BY THE COURT:

<u>*/s/ Gerald J. Pappert*</u>
Gerald J. Pappert, J.

# EXHIBIT 4

**LAWRENCE C. HERSH**
ATTORNEY AT LAW
17 Sylvan Street, Suite 102b
Rutherford, New Jersey  07070

*ADMITTED NJ, NY, CA, AND IL

Tel:  (201) 507-6300
Fax: (201) 507-6311
email:  lh@hershlegal.com

February 26, 2024

**Via ECF**
Hon.  Jamel Semper, U.S.D.J.
U.S. District Court of New Jersey
M.L. King, Jr. Building and U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

Re:  Omodunbi v. Gordin and Berger, P.C., et. al.
2:17-cv-07553-ES-JSA

Dear Judge Semper:

I represent Plaintiff Olu Omodunbi in this matter.  I write to oppose Defendants' January 24, 2024 request (Dkt. No. 212) asking the Court to expedite their request to allow reinstatement of Defendants' dismissed counterclaims and third-party complaint against Plaintiff's counsel. Since a dispositive Motion is currently pending before Judge Pappert in the Eastern District of Pennsylvania on essentially these same claims filed by Defendants in Gordin & Berger P.C. v. Omodunbi, 23-02232 that they are now seeking to reinstate there is no need for this Court to address Defendants' request on an expedited basis or otherwise.

More than two years ago in December 2021, Defendants initially tried to assert these frivolous claims against Plaintiff and the undersigned counsel in the present lawsuit (Dkt Nos. 109, 110) based upon malicious prosecution, abuse of process, and the like, purely as a means of harassing and bullying Plaintiff and his counsel in retaliation for Plaintiff asserting FDCPA claims against Defendants.[1]   In response to that proposed filing, Judge Allen rightfully denied Defendant's request to include these claims as part of the present lawsuit.   Undeterred, Defendants nonetheless have refused to accept Judge Allen's Order[2] despite the fact that these

---

[1]  Defendant Dan Berger, a serial litigant, has a history of filing frivolous Civil Rico and other documents on behalf of himself when he does not get his way.  See, e.g., Berger v. Hahnemann Univ. Hosp., 765 Fed. Appx. 699 (3rd Cir. 2019); Berger v. Phila. Parking Auth., 2019 U.S. Dist. LEXIS 15846 (E.D. Pa Sept. 18, 2019); Berger v. Comcast Corp.; 1592 EDA 2021 (November 22, 2021) (Appellate court cautioned Mr. Berger that further filings of frivolous motions will result in the imposition of sanctions); Fretz v. Gordin & Berger, et. al, (E.D.Pa, 2:19-cv-5440)  Dkt. No. 14, Feb. 25, 2020)  (Defendant Berger filed a "Notice of Impossibility" regarding inability to file a timely Answer)

[2]  Mr. Berger has showed a total lack of respect and contempt for the Court, including stating, "Judge Allen's actions were necessarily *ultra vires*, were of no legal force or effect, and they were void ab initio"  (Dkt. No. 134)

Hon. Jamel Semper, U.S.D.J.
February 26, 2024
Page 2

claims have been disallowed by the Court, and have repeatedly asked that the claims be reinstated in this lawsuit. Currently, discovery has ended in this case, and cross-motions for summary judgment are pending before the Court.

      Since this Court has not acceded to Defendants' requests to allow those claims to be included as part of the present action, Defendants, by their own admission, have repackaged those counterclaims and third-party claims against Plaintiff and his counsel by filing a 400+ page Civil Rico complaint in the Eastern District of Pennsylvania against Plaintiff and his undersigned counsel reiterating those same claims. Defendants indicate that now they want to consolidate the recently filed Pennsylvania action into the present action, effectively trying to subvert Judge Allen's Order refusing to include such claims as part of the present action. As mentioned above, there is currently a dispositive motion before Judge Pappert in the Pennsylvania action regarding those claims.

      As Defendants' counterclaims and third-party claims are currently pending in the Eastern District of Pennsylvania, it is unnecessary for the Court to address Defendants' request to consider reinstatement of those claims in this action on an expedited basis at this time, or at all, for that matter. Since Defendants have decided to file the repackaged claims in Pennsylvania and litigate the claims in that forum, there is no need for this Court to address those claims. As such, a telephone conference to address these issues is unnecessary.

      Plaintiff therefore requests that this Court stay its course and proceed with addressing the merits of the currently pending summary judgment motions.

      Thank you for your consideration in this matter.

                    Very truly yours,

                    /s/ Lawrence Hersh
                    Lawrence Hersh

Cc: All Counsel of Record (via ECF)