IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDIN & BERGER, P.C., et al, <br><br> *Plaintiffs,* <br><br> v. <br><br> OLU OMODUNBI, et al., <br><br> *Defendants.* | CIVIL ACTION <br> NO. 23-2232 |

## ORDER

**AND NOW**, this 9th day of May 2024, upon consideration of Defendants' Motion to Dismiss the Complaint or, in the Alternative, Stay the Proceedings (ECF No. 17), Plaintiffs' Response (ECF No. 26), Defendants' Reply (ECF No. 32), and all relevant filings, it is hereby **ORDERED** that the Motion is **DENIED** to the extent it seeks to dismiss the action and is **GRANTED** to the extent it seeks to stay the action.[1]  It is

---

[1]    In 2017, Olu Omodunbi, represented by Lawrence Hersh, sued Gordin and Berger, P.C., Daniel Berger and Edward Berger (the "Bergers") in the United States District Court for the District of New Jersey, alleging that the Bergers—who sought to collect Omodunbi's student debt owed to Rutgers University—violated the Fair Debt Collection Practices Act by, *inter alia*, failing to give proper notice about, and misrepresenting the amount of, debt owed.  *Omodunbi v. Gordin and Berger, P.C., et al.*, Case No. 17-cv-07553 (D.N.J. Sep. 27, 2017) ("New Jersey Action") (Sec. Am. Compl. ¶¶ 62–68, p. 11, ECF No. 60).

In the New Jersey Action, the Bergers filed a counterclaim against Omodunbi, (ECF No. 109), and a third-party complaint against Hersh and his law office (the "Hershes"), (ECF No. 110), alleging abuse of process and fraud in Omodunbi's underlying debt-collection suit.  Magistrate Judge Allen dismissed the counterclaim and third-party complaint as untimely, (New Jersey Action, ECF No. 114), and denied the Bergers' first request to reinstate the claims.  (New Jersey Action, ECF No. 140).  Since then, the Bergers have twice requested that the District Judge reinstate the dismissed claims (New Jersey Action, ECF Nos. 204 and 212), and the Bergers and Omodunbi have filed cross-motions for summary judgment.  (New Jersey Action, ECF Nos. 205 and 207).  These motions remain pending.

In June 2023, the Bergers brought this action—filing a meandering, 128-page complaint against Omodunbi and the Hershes—claiming, *inter alia,* (1) abuse of process, *see* (Compl. ¶ 499–534, ECF No. 1), (2) fraud, *see* (*id.* at ¶ 541), and (3) violations of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962, *et seq.*  (*Id.* at ¶ 535–548).  The Bergers' complaint includes factual allegations about both the underlying debt collection and the New Jersey

further **ORDERED** that the action is **STAYED** pending the outcome of the *Omodunbi v. Gordin and Berger, P.C., et al.*, Case No. 17-cv-07553, currently pending in the United States District Court for the District of New Jersey.

---

Action, and they seek a declaratory judgment regarding Omodunbi's FDCPA claim. *See* (*Id.* at ¶ 240, p. 63).

Now, the Hershes and Omodunbi move to dismiss or, in the alternative, stay, the proceedings pursuant to the "first-filed" rule. (ECF No. 17). The first-filed rule "is a comity-based doctrine stating that, when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez v. Dole Food Co.*, 836 F.3d 205, 210 (3d Cir. 2016). "Courts of Appeals have taken different approaches to the first-to-file rule, but the consensus is the rule may apply in cases where the subject matter of the suits is substantially similar." *Samsung Elecs. Am., Inc. v. Grecia*, 525 F. Supp. 3d 590, 591 n. 69 (E.D. Pa. Mar. 15, 2021) (collecting cases from the Fifth, Sixth, Ninth, Tenth and Eleventh Circuit Courts of Appeals applying the first-filed rule).

Application of the first-filed rule is discretionary. *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182, 110 S. Ct. 577 (1990). "In the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Chavez*, 836 F.3d at 221.

In this action, the Complaint against Omodunbi and the Hershes raises substantially similar issues to those in the New Jersey Action. Although the Bergers now allege RICO violations, the claims arise from the same underlying debt dispute and the subsequent New Jersey Action about that debt dispute.

The Bergers argue that the first-filed doctrine should not apply because the parties and claims in this action are different from those in the New Jersey Action. (Resp. in Opp. to Mot. to Dismiss, p. 8, ECF No. 26). But the first-filed rule still "turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96–7940, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997).

They also contend that the Court should not apply the first-filed rule because this action commenced while the New Jersey action was "administratively terminated." (Resp. in Opp. to Mot. to Dismiss, p. 3, ECF No. 26). That description is incomplete at best and misleading at worst. As the parties entered mediation, the New Jersey action was terminated "without prejudice to restoration," and with leave to re-file if mediation proved unsuccessful. (New Jersey Action, ECF No. 187). Furthermore, summary judgment motions were filed before the action was removed from the active docket, (New Jersey Action, ECF Nos. 172 and 173), and refiled after mediation was unsuccessful. (New Jersey Action, ECF Nos. 205 and 207).

By the Bergers' own admission, they filed this lawsuit because they "want to be able to litigate" their unresolved claims in the ongoing New Jersey Action. (Feb. 22, 2024 Hr'g Tr. 16:3–17:11, ECF No. 29). The Court will stay the proceedings pending the outcome of the New Jersey Action.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.